UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
WESTERN DIVISION (BISMARCK)

CISSY THUNDERHAWK; WAŠTÉ WIN YOUNG; REVEREND JOHN FLOBERG; and JOSÉ ZHAGÑAY on behalf of themselves and all similarly-situated persons,

Plaintiffs,

vs.

COUNTY OF MORTON, NORTH DAKOTA; SHERIFF KYLE KIRCHMEIER; GOVERNOR DOUG BURGUM; FORMER GOVERNOR JACK DALRYMPLE; DIRECTOR GRANT LEVI; SUPERINTENDENT MICHAEL GERHART JR; TIGERSWAN LLC; and DOES 1 to 100

Defendants.

Case No. 1:18-cv-00212

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF
MOTION TO EXCLUDE EXTRINSIC EVIDENCE
FROM COUNTY DEFENDANTS' PARTIAL MOTION TO DISMISS**

**BACKGROUND**

The plaintiffs in this case, respectively a small-business owner, a former Historic Preservation Officer of the Standing Rock Sioux Tribe, Standing Rock's Episcopalian minister, and an elementary school volunteer, filed this lawsuit alleging a range of constitutional violations arising from the discriminatory closure of a nine-mile stretch of a public road in 2016-2017. As Plaintiffs allege in their Amended Complaint, the defendants in this case closed the road in question in an effort to chill the NoDAPL political movement and to extort political concessions from the Tribe in support of this goal.

1

County Defendants have moved to dismiss the Amended Complaint under Rule 12(b)(6), premising their motion in large part on this Court rejecting Plaintiffs' factual allegations regarding the discriminatory purpose of the closure, the peaceful nature of the NoDAPL movement, and whether the Backwater Bridge (located immediately prior to the enforced beginning of the road closure) was damaged. In support, Defendants cite to a considerable body of extrinsic factual evidence, consisting primarily of public statements previously made by Defendants, factual claims made in charging documents, and other sources that Plaintiffs specifically challenge as unreliable and inadmissible at this stage of the litigation.

Pursuant to Fed. R. Civ. P. 12(d), this Court should exclude this extrinsic factual evidence, which does not fall under any of the narrow exceptions to the general prohibition on the consideration of extrinsic evidence on a Rule 12(b)(6) motion. The purpose of a Rule 12(b)(6) motion is to test the sufficiently of the *Plaintiffs'* pleadings, and not to resolve factual issues in dispute. Attached to this motion is a highlighted copy of Defendants' supporting memorandum that marks in yellow all of the improper factual allegations that the Defendants have made. All of those highlighted passages should be struck by this Court.

**ARGUMENT**

**I.      This Court Should Exclude the Extrinsic Evidence on Which Defendants Rely**

The Federal Rules provide:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to *and not excluded by the court*, the motion *must* be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Fed. R. Civ. P. 12(d) (emphasis added). The Eighth Circuit considers "'matters outside the pleadings' as including any written or oral evidence in support of or in opposition to the pleading that provides some substantiation for and does not merely reiterate what is said in the pleadings."

*Gibb v. Scott*, 958 F.2d 814, 816 (8th Cir. 1992) (quoting WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 1366). Motions to Dismiss must generally be decided based exclusively on what a plaintiff has alleged. *Id.*

Within this restrictive framework, the Eighth Circuit has recognized several limited exceptions. A District Court may evaluate extrinsic evidence when it consists of: (A) "matters incorporated by reference or integral to the claim," (B) "matters of public record" and "items subject to judicial notice," (C) "items appearing in the record of the case," or (D) "exhibits attached to the complaint whose authenticity is unquestioned." *Miller v. Redwood Toxicology Lab, Inc.*, 688 F.3d 928, 931 n.3 (8th Cir. 2012) (quoting WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 1357). Defendants do not contend that any of the extrinsic evidence on which they rely falls into the latter two categories.

Each of these exceptions are narrowly construed and none properly applies to the extrinsic evidence in question. As such, this Court should exclude the extrinsic evidence and decide whether Defendants' "12(b)(6) motion will succeed or fail based upon the allegations contained in the face of the complaint." *Id.*

### A. Defendants' Extrinsic Evidence is Not Incorporated by Reference or Integral to the Claim

This first carve-out to the "matters outside of the pleadings" rule is narrow, and rightfully so, given the mandatory language of Rule 12(d).

One example of evidence that is "integral to the claim," is a "document *necessarily* embraced by the complaint." *Enervations, Inc. v. Minnesota Mining and Mfg. Co.*, 380 F.3d 1066, 1069 (8th Cir. 2004) (internal quotation omitted) (emphasis added). This is limited to "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Kushner v. Beverly Enters.,*

3

*Inc.*, 317 F.3d 820, 831 (8th Cir. 2003). "The paradigmatic example of material 'necessarily embraced' by a pleading is a written contract in a case that involves a dispute over the terms of the contract." *Id.*; *see also Zean v. Fairview Health Services*, 858 F.3d 520, 526 (8th Cir. 2017) (recognizing same); *Gorog v. Best Buy Co., Inc.*, 760 F.3d 787, 791 (8th Cir. 2014) (same).

On the other hand, courts in this Circuit will not consider documents that are "neither included nor referenced in the Complaint" to be "necessarily embraced." *Encore Operating LP v. Morris*, 2007 WL 601473, at *2 (D.N.D. Feb. 20, 2007). Even those documents that might be *relevant* to assertions made in the complaint are not "necessarily embraced"; the key is whether the complaint actually makes reference to the document and relies on it to the extent that the document has essentially become *part* of the complaint. *Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012).

Here, the documents on which Defendants rely are, at most, relevant to the underlying claims. Certainly, none of the evidence asserted by Defendants is "necessary" or "integral" to the Amended Complaint in the same manner as a contract around which a breach of contract dispute revolves. *See Morris*, 2007 WL 601473, at *2. This narrow exception does not, therefore, allow this Court to consider any of the extrinsic evidence introduced by Defendants.

### B. Defendants' Extrinsic Evidence is not Subject to Judicial Notice Nor Does it Fall Within the Limited Scope or Purpose of the Public Records Exception.

This second carve-out is similarly narrow and, similarly, does not provide a permissible basis for considering Defendants' extrinsic evidence.

Judicial notice allows courts to declare as true facts presented as evidence without the need for any formal adjudication or even presentation of evidence. Because judicially noticed facts are facts that are universally accepted as true, they may be considered on a Rule 12(b)(6) motion along with a Plaintiffs' allegations—which are also accepted as true.

4

The "matters of public record" exception is effectively a weak subset of judicial notice. In *Levy v. Ohl*, for example, the Eighth Circuit upheld consideration of state court records from a prior case between the parties because it was dispositive as to when time started to run for the statute of limitations in the current case, 477 F.3d 988, 991-92 (2007): the dates of dispositions stated within those records were facts beyond reasonable dispute, *cf. Papasan v. Allain*, 478 U.S. 265, 269 n.1 (1986).

Federal Rule of Evidence 201 states: "The court may judicially notice a fact that is not subject to reasonable dispute because it: **(1)** is generally known within the trial court's territorial jurisdiction; or **(2)** can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." As the advisory notes make clear, "a high degree of indisputability is the essential prerequisite." Advisory Notes to Federal Rule of Evidence 201; *see also United States v. Gould*, 536 F.2d 216, 219 (8th Cir. 1976) (stating that judicial notice is appropriate for facts that are "capable of such instant and unquestionable demonstration, if desired, that no party would think of imposing a falsity on the tribunal in the face of an intelligent adversary").

For example, a court may take judicial notice of a geographical location: "The Court takes judicial notice that Section 1 of Township 24, Range 12 East, lies in Stoddard County, Missouri. The Court further takes judicial notice of the fact that this section borders New Madrid County." *Joyce v. Federal Crop Ins. Corp.*, 356 F. Supp. 928, 931 (E.D. Mo. 1973). This is the prototypical example of the sort of fact "generally known within the trial court's territorial jurisdiction." *Id.* Likewise, a court may take judicial notice of its own records—not, of course, for the truth of the matter, but to establish the *fact* of those records. *See, e.g., Rosemann v. Sigillito*, 785 F.3d 1175, 1178 (2015); *Kushner v. Beverly Enterprises, Inc.*, 317 F.3d 820, 830, 832 (8th Cir. 2003) (holding that public documents offered "for the truth of the matters therein"

are not properly subject to judicial notice); *cf. Baker Elec. Co-op., Inc. v. Chaske*, 28 F.3d 1466, 1475 (8th Cir. 1994) (setting forth the standard—collateral estoppel—for when a court can view prior judicial decisions for the purposes of establishing the underlying truth of a matter). Given the essentially undisputable nature of facts subject to judicial notice, any fact that is contradicted by allegations in a complaint is almost certainly not a fact of which the court may take judicial notice. *Cf.* Advisory Notes to Federal Rule of Evidence 201.

Nearly all of the facts alleged by Defendants are either disputable or are literally disputed by Plaintiffs' pleadings—and are therefore not properly subject to judicial notice. Prominent among such allegations are public records to which Defendants cite for the truth of the matter asserted. For instance, County Defendants argue that "[a] Court may take judicial notice of, and give effect to, its own records in another, but interrelated case." County Def. Memo at 16. County Defendants then go on to extensively cite to *Dakota Access, LLC v. Archambault* and *Dundon v. Kirchmeier* for the truth of the matter asserted (while specifically requesting that the Court take judicial notice of numerous derivative factual allegations). County Def. Memo at 16-23, *et seq.* With due respect to this Court's judgment, that a court discussed a factual matter in dicta in a prior case does not put that factual issue beyond reasonable dispute. Here, many of the factual points on which Defendants rely are expressly or implicitly contradicted by Plaintiffs' pleadings. Although it is proper for a court to notice the *fact* or the *disposition* of a previous case, it is only appropriate to consider the truth of the matter asserted when a doctrine such as collateral estoppel applies. *Insulate SB, Inc. v. Advanced Finishing Sys., Inc.*, 797 F.3d at 543; *see also Rosemann v. Sigillito*, 785 F.3d 1175, 1178 (2015); *Baker Elec. Co-op., Inc. v. Chaske*, 28 F.3d 1466, 1475 (8th Cir. 1994). Nor can this Court consider any of the evidence describing criminal charges, convictions, or pleas, for purposes of establishing the underlying truth. *See,*

*e.g.*, *Kushner v. Beverly Enterprises, Inc.*, 317 F.3d 820, 830 (8th Cir. 2003) ("The government's sentencing memorandum, . . . which the defendants dispute[,] . . . should not be the subject of judicial notice on a motion to dismiss."); *cf. also* Federal Rule of Evidence 803 (noting that evidence of prior misdemeanor convictions or pleas *is not even admissible* to prove the truth of the matter).

Defendants do not contend they are submitting these outside records for any limited purpose, such as establishing a timeframe for a statute of limitations or bringing the court up to speed on the procedural posture of the case. Rather, their broad purpose is to deliver a factual counternarrative to the Court. Defendants' impatience to litigate the facts of the case might be understandable, but the well-delineated rules of civil procedure designate a subsequent time for doing so. A Rule 12(b)(6) motion is supposed to be about the *legal* sufficiency of Plaintiffs' claims, taking all the facts alleged therein as true. It is decidedly not the time for Defendants to contest those facts.

As such, the extensive body of extrinsic evidence on which Defendants rely should be excluded from their Rule 12(b)(6) motion.

## II.   In the Alternative, this Court Must Convert Defendants' Motion to a Motion for Summary Judgment

If this Court does not exclude the ample body of extrinsic evidence on which Defendants' rely, it must convert Defendants' motion to a Rule 56(b) Motion for Summary Judgment. If this Court converts Defendants' Motion, disposition should be stayed until Plaintiffs have had the opportunity to complete discovery pursuant to Rule 56(f).

As the Eighth Circuit has explained, Rule 12(d) "is not permissive;" it mandates that motions to dismiss be converted to motions for summary judgment where either party submits— and the court fails to exclude—matters outside the pleadings. *BJC Health System v. Columbia*

*Cas. Co.*, 348 F.3d 685, 688 (8th Cir. 2003). Because Defendants present materials outside the Amended Complaint to the Court, their Rule 12(b)(6) motion must be converted to a Rule 56 summary judgment motion if this Court does not exclude the extrinsic evidence in question.

If the motion is converted, Plaintiffs request additional time to conduct discovery pursuant to Fed. R. Civ. P. 56(f).

## CONCLUSION

Plaintiffs respectfully move the Court to strike all of the yellow marked passages in the attached exhibit and any additional evidence on which Defendants rely that it deems extrinsic.

Dated: March 9, 2019                             Respectfully Submitted

                                                 By:

_____

                                                 Noah Smith-Drelich
                                                     *Counsel of Record*
                                                 Bernard E. Harcourt
                                                 Columbia Law School
                                                 435 W. 116th St.
                                                 New York, NY 10027
                                                 (605) 863 0707

8