UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
WESTERN DIVISION (BISMARCK)

| | |
|---|---|
| CISSY THUNDERHAWK; WAŠTÉ WIN YOUNG; REVEREND JOHN FLOBERG; and JOSÉ ZHAGÑAY on behalf of themselves and all similarly-situated persons,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF MORTON, NORTH DAKOTA; SHERIFF KYLE KIRCHMEIER; GOVERNOR DOUG BURGUM; FORMER GOVERNOR JACK DALRYMPLE; DIRECTOR GRANT LEVI; SUPERINTENDENT MICHAEL GERHART JR; TIGERSWAN LLC; and DOES 1 to 100<br><br>Defendants. | **Case No. 1:18-cv-00212** |

---

# MEMORANDUM IN SUPPORT OF
# MOTION TO DISMISS TIGERSWAN'S SECOND COUNTERCLAIM

---

By:   Noah Smith-Drelich
       Bernard E. Harcourt
       Columbia Law School
       435 W. 116th St.
       New York, NY 10027
       (605) 863 0707
       nsmith-drelich@law.columbia.edu

1

## I. BACKGROUND

The present dispute arises from a lawsuit filed on October 18, 2018, and amended on February 1, 2019, against state and local officials and TigerSwan LLC, a private security company, for several related constitutional violations that resulted from a five-month discriminatory closure of an important thoroughfare at the height of the Standing Rock Sioux Tribe's opposition to the Dakota Access Pipeline. In both their original and amended complaints, Plaintiffs allege that TigerSwan worked in close coordination with state and local officials to encourage and support the closure in question.

On February 21, 2019, TigerSwan filed an untimely Answer and Counterclaim to Plaintiffs' Amended Complaint without any accompanying Rule 6(b) motion, or explanation or excuse for its untimeliness. The Answer consists of twenty-five numbered paragraphs denying the allegations in the Complaint (¶¶ 1-25) and ten numbered paragraphs baldly listing affirmative defenses (¶¶ 26-35), most of which are plainly inapplicable to the Plaintiffs' claims.

The Counterclaim incorporates these denials and defenses while repeating, all within a single paragraph (¶ 36), a numbered list of twenty-seven factual allegations and legal conclusions that are taken, for the most part directly, from the Answer. The remainder of the Counterclaim consists of a claim for damages (¶ 37), a prayer for relief asking for dismissal and attorney's fees under Rule 11 and, separately, an "award [of] judgment against each of the plaintiffs individually and jointly for the amount of attorneys fees and costs incurred" (¶ 38), and a demand for jury trial (¶ 39).

The gist of the Counterclaim appears to be that TigerSwan disputes Plaintiffs' allegations and, as a result, does not believe that it should have been named in this action. Although

TigerSwan has not clearly explicated the legal basis for its Counterclaim, it appears from its response to Plaintiffs' Motion to Dismiss its original Counterclaim that TigerSwan is seeking damages under the North Dakota abuse-of-process tort. *See* Doc. 57, ¶ 1.

Because the Counterclaim does not state a legally plausible claim for relief, and because it is untimely and does not comply with Rule 6(b)(1)(B), it must be dismissed.

## II.  LEGAL STANDARD

"When deciding on a motion to dismiss, the issue for the Court is not whether the counterclaimant will ultimately prevail but rather whether the counterclaim is legally sufficient." *ADP, Inc. v. Barth-Peffer, Inc.*, No. 07-CV-055, 2008 WL 163632, at *1 (D.N.D. Jan. 17, 2008). Thus, the Court must accept as true all factual allegations in the counterclaim and view them in the light most favorable to the nonmoving party. Fed. R. Civ. P. 12(b)(6); *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007). Nevertheless, mere "[t]hreadbare recitals of the elements of a cause of action . . . will not suffice" to state a claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## III.  ARGUMENT

Because TigerSwan's Counterclaim does not include sufficient factual allegations to state a claim for relief for abuse of process or anything else, and because the Counterclaim and Answer were untimely and did not comply with the requirements of Rule 6(b), dismissal is appropriate under Rule 12(b)(6).

**1.  Any Counterclaim Resting on Abuse of Process Must be Dismissed**

First, TigerSwan fails to state a claim for relief for abuse of process under Rule 12(b)(6).

3

Although TigerSwan's Counterclaim nowhere specifies the legal basis on which it rests, TigerSwan has clarified that its largely similar original Counterclaim (responding to Plaintiffs' Original Complaint) is premised on the North Dakota "abuse of process tort." Doc. 57, ¶ 1.

Abuse of process is a common law tort recognized in North Dakota in which "legal process" is used "against another primarily to accomplish a purpose for which it was not designed." *Zuffa, LLC v. Kamranian*, No. 1:11-CV-036, 2011 WL 3627301, at *3 (D.N.D. Aug. 17, 2011). "Under North Dakota law, the essential elements of an abuse of process claim are: (1) an ulterior purpose; and (2) a willful act in the use of the process not proper in the regular conduct of the proceeding." *Id.*; *see Wachter v. Gratech Co., Ltd.*, 608 N.W.2d 279, 287 (N.D. 2000) (adding that a plaintiff must still show actual damages suffered as a result of the abuse of process).

TigerSwan's allegations here consist solely of twenty-seven paragraphs alleging what *TigerSwan* did and didn't do with respect to the road closure, ¶¶ 36.1-36.27, and a statement that "it has been damaged by the Plaintiffs bringing this action against TigerSwan, that these damages are a proximate cause of the Plaintiffs actions and misconduct, and that TigerSwan should be awarded attorney fees and costs for having to defend against this action," ¶ 37. Indeed, TigerSwan's Counterclaim does not even contain a "threadbare recital[] of the elements of [the] cause of action." *Iqbal*, 556 U.S. at 678. Accepted as true, TigerSwan's factual allegations are insufficient to state a claim for relief for abuse of process and must therefore be dismissed under Rule 12(b)(6).

**2. TigerSwan's Counterclaim and Answer Were Untimely and Improper Under Rule 6(b)(1)(B)**

TigerSwan's Counterclaim should likewise be dismissed because TigerSwan filed its Answer and Counterclaim after the required deadline and did not seek leave of this Court or otherwise move under Rule 6(b).

Federal Rule of Civil Procedure 15(c) provides: "(3) *Time to Respond.* Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later." FRCP 15(c). Federal Rule of Civil Procedure 6 further provides that a court "may, for good cause, extend the time" in two circumstances: "(A) with or without motion or notice if the court acts, or if a request is made, *before the original time or its extension expires*; or (B) on motion made *after the time has expired* if the party failed to act because of excusable neglect." FRCP 6 (emphasis added). Rule 6(B) is therefore clear: once the time for responding expires, the Court may only extend time "on motion" *and* "because of excusable neglect." *Id.* "[S]cheduling deadlines are important tools in controlling litigation in district courts, particularly in light of heavy caseloads and clogged court calendars." *Larsen v. Isanti Cty.*, No. CV 18-2191 (JRT/HB), 2019 WL 332203, at *2 (D. Minn. Jan. 25, 2019) (internal quotations and modifications omitted). As such, a party's late filing coupled with his "failure to move for an extension of time justifies striking his counterclaim." *Id.*; *United States v. Lot 65 Pine Meadow, an Addition to Barling, Sebastian Cty., Ark., with all Appurtenances & Grounds*, 976 F.2d 1155, 1157 (8th Cir. 1992) (affirming district court order granting motion to strike appellant's claim (filed thirteen days late) and answer (filed six days late) and denying motion for extension of time).

Here, Plaintiffs amended their Complaint as of course on February 1, 2019. *See* Doc. 44; *see also* FRCP 15(a)(1)(B). There was no time remaining to respond to the original pleading,

5

and so TigerSwan's response to Plaintiffs' Amended Complaint was due fourteen days later, on February 15, 2019. *See* FRCP 15(c). TigerSwan did not seek, or obtain, any extension prior to this deadline. Plaintiffs notified TigerSwan that its filing was late on February 19, 2019 and again on February 20, 2019. Without any accompanying motion, TigerSwan filed its Counterclaim and Answer on February 21, 2019, six days late. *See* Doc. 56. Because TigerSwan did not submit any motion along with its untimely filed Counterclaim or Answer—or any explanation whatsoever—it has not met its burden of showing that its late filing is justified by "excusable neglect," Rule 15: "there is no evidence for the Court to consider regarding prejudice, the reasons for the delay, and whether he acted in good faith," *Larsen*, 2019 WL 332203, at *2. As such, TigerSwan's Counterclaim should be dismissed as untimely under Rule 6(b).[1]

## IV.   CONCLUSION

It is plain from TigerSwan's Answer and Counterclaim that TigerSwan disagrees with Plaintiffs' characterization of its involvement with the NoDAPL movement in North Dakota: it has denied virtually every single one of Plaintiffs' allegations. But a genuine dispute of facts, or of governing law, cannot be the basis for an abuse of process Counterclaim.

Indeed, to allow Counterclaims of this nature to proceed would expose nearly every plaintiff in every suit to fee-shifting liability, thereby broadly discouraging legitimate litigation. TigerSwan, of course, understands this, which is exactly why TigerSwan also reiterated its extraordinary request for this Court to "award[] judgment against each of the *plaintiffs*

---

[1] Rule 6(b) also applies to answers, and TigerSwan's Answer here is similarly untimely and similarly meritless. TigerSwan's Answer is comprised of numerous denials that are not facially believable, *see, e.g.*, Answer ¶ 6 (denying, based on its lack of "sufficient knowledge or information," that either Jack Dalrymple or Doug Burgum was or is governor of the state), as well as Affirmative Defenses that are plainly inapplicable, *see, e.g.*, Answer ¶ 30 ("TigerSwan alleges that plaintiffs failed to pursue and/or exhaust administrative remedies."); *Patsy v. Bd. of Regents of State of Fla.*, 457 U.S. 496, 501 (1982) ("[T]his court has stated categorically that exhaustion is not a prerequisite to an action under § 1983.").

*individually* and jointly for the amount of attorney fees and costs incurred in having to defend this action," ¶ 38, 6 (emphasis added).

Regardless, because TigerSwan has failed to state any cognizable claim for relief under Rule 12(b)(6) and because it filed its Answer and Counterclaim untimely without motion or showing of "excusable neglect," dismissal is appropriate.

Dated: March 12, 2019                    Respectfully Submitted

                                         By:

_____

                                         Noah Smith-Drelich
                                             *Counsel of Record*
                                         Bernard E. Harcourt
                                         Columbia Law School
                                         435 W. 116th St.
                                         New York, NY 10027
                                         (605) 863 0707