# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| CISSY THUNDERHAWK; WAŠTÉ WIN YOUNG; REVEREND JOHN FLOBERG; and JOSÉ ZHAGÑAY on behalf of themselves and all similarly-situated persons,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>COUNTY OF MORTON, NORTH DAKOTA; SHERIFF KYLE KIRCHMEIER; GOVERNOR DOUG BURGUM; FORMER GOVERNOR JACK DALRYMPLE; DIRECTOR GRANT LEVI; SUPERINTENDENT MICHAEL GERHART JR; TIGERSWAN LLC; and DOES 1 to 100,<br><br>　　　　　Defendants. | **ORDER SETTING DEADLINE FOR FINAL RESPONSE TO PLAINTIFFS' DOCUMENT REQUESTS**<br><br><br><br><br>Case No. 1:18-cv-212 |

　　　　The undersigned held a conference call with the parties on July 27, 2021, pursuant to a request of plaintiffs. Plaintiffs made the request to fulfill their obligation under a local court rule requiring an informal conference with a magistrate judge prior to filing any motion to compel discovery.

　　　　The discovery dispute that was the subject of the conference call is between plaintiffs and defendant TigerSwan, LLC ("TigerSwan"). The dispute is over the lack of a full and complete response to a set of requests for production of documents served on TigerSwan on January 22, 2021. TigerSwan has acknowledge it is in possession of certain documents arising out of its relationship with Dakota Access, LLC and/or Energy Transfer Partners (collectively for purposes of this order "ETP") that it has not produced because (at least in part) the documents are purportedly subject to a confidentiality agreement with ETP. TigerSwan states it does not want to produce any responsive

1

documents that are covered by this third-party confidentiality agreement without first obtaining the approval of ETP because of a fear it will be sued by ETP for breach of the agreement. TigerSwan states it has been working with ETP to find out what documents it may produce but has not yet been able to get a final determination from it. TigerSwan states it believes it is close to working out something with ETP, but acknowledges it has more than once made this representation to plaintiffs counsel followed by no action.

The court concludes that this situation has gone on long enough, particularly given it is based on dubious grounds for non-production. Consequently, as set forth below, the court hereby **ORDERS** that TigerSwan must make a complete and full response to all of plaintiffs' document requests on or before August 6, 2021. The response must be either production of the documents or grounds stated for non-production.[1] The court **FURTHER ORDERS** that, if one of the grounds for non-production is a claim of privilege, plaintiffs must simultaneously with its response on or before August 6, 2021, provide plaintiffs with a privilege log identifying with particularity each document being withheld and the privilege being asserted. Failure to do so will likely result in any claims of privilege being denied. Finally, the court **FURTHER ORDERS** that, if plaintiffs are not satisfied with TigerSwan's response, it may then file a motion to compel without first having to seek another conference call with a magistrate judge.

Given what was discussed during the conference call, TigerSwan is warned in advance that the court is likely to conclude that the mere fact the requested documents are subject to a third-party confidentiality agreement is not itself a valid reason for non-production. If such a response is made

---

[1] The court expects that it will be clear from the responses what documents are produced and what documents are being withheld, if any. What will not be acceptable are a list of general objections followed by a statement that, subject to the objections, that certain documents are being produced in manner that makes it impossible to tell whether or other non-identified documents are being withheld under the general objections.

and later becomes the subject of a motion to compel, TigerSwan has been so warned and the court may consider that it in deciding whether costs or other sanctions (*e.g.*, requiring disclosure of the documents without the benefit of protective confidentiality order) are appropriate. See, e.g., Stumph v. Spring View Physician Practices, LLC., No. 3:19-cv-00053, 2021 WL 395762, at 4 (W.D. Ky. Feb. 4, 2021) (third-party confidentiality agreements are not themselves grounds for not responding to discovery requests and citing other cases in support); In re Application of O'Keeffe, No. 2:14-cv-01518, 2016 WL 2771697, at *3 (D. Nev. Apr. 4, 2016) (same); Global Material Technologies, Inc. v. Dazheng Metal Fibre Co., Ltd., 133 F. Supp. 3d 1079, 1087 (N.D. Ill. 2015) (same); Williston Basin Interstate Pipeline Co. v. Factory Mutual Ins. Co., 270 F.R.D. 456, 465-66 (D.N.D. 2010) (same). Further, TigerSwan is forewarned that the court is likely to look askance upon any claim that the documents are "confidential" as grounds for non-production—at least to the extent the documents are not otherwise privileged. See, e.g., Church v. Dana Kepler Co., Inc., No. 11-cv-02632, 2013 WL 24437, at *3 (D. Colo. Aug. 22, 2017) (distinguishing between documents that are privileged and those that are merely "confidential'); In re Application of O'Keeffe, 2016 WL 2771697, at *2 (same). If there is a desire to protect from general disclosure any non–privileged documents that are otherwise discoverable, there is in place a procedure under Rule 26 for seeking a protective order. The court expects that TigerSwan will either work with plaintiffs' counsel to come up with stipulated protective order (if there is not one in this case) or move the court for one if what is sought is mere confidentiality and the documents are otherwise discoverable. The court is unlikely to look favorably in any subsequent motion to compel a statement that TigerSwan is willing to produce the documents subject to the parties agreeing upon or the court issuing a protective order if steps to accomplish that have not been made prior to August 6, 2021. The court

3

may conclude TigerSwan had its chance.

The court in ordering that a final response to plaintiffs' discovery requests be made by TigerSwan, by either producing the documents or stating the grounds for non-production, is not concluding that newly-minted grounds for objection will be honored. The court has not had the opportunity to look at the document requests that have been made and TigerSwan's written responses. Plaintiffs may have an argument that newly asserted grounds for non-production have been waived.

Finally, TigerSwan can inform ETP that the court is not likely to look favorably upon any request from it for relief from the August 6, 2021, deadline. It is clear that the ETP has been aware of the document requests for months and has a sufficient opportunity to work with plaintiffs through TigerSwan to come up with a negotiated resolution.

**IT IS SO ORDERED.**

Dated this 27th day of July, 2020.

/s/ Charles S. Miller, Jr.
Charles S. Miller, Jr., Magistrate Judge
United States District Court