IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| CISSY THUNDERHAWK; WAŠTÉ WIN YOUNG; REVEREND JOHN FLOBERG; and JOSÉ ZHAGÑAY on behalf of themselves and all similarly-situated persons,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF MORTON, NORTH DAKOTA; SHERIFF KYLE KIRCHMEIER; GOVERNOR DOUG BURGUM; FORMER GOVERNOR JACK DALRYMPLE; DIRECTOR GRANT LEVI; SUPERINTENDENT MICHAEL GERHART JR; TIGERSWAN LLC; and DOES 1 to 100,<br><br>Defendants. | Civil No.: 1:18-cv-00212 |

## ORDER DENYING MOTION FOR RECUSAL

[¶1]   THIS MATTER comes before the Court on a Motion for Recusal filed by the Plaintiffs on September 12, 2024. Doc. No. 180. The Defendants have not filed a Response. Plaintiffs ask the undersigned to recuse from hearing this case because he joined twelve other colleagues in signing a letter critical of the administration of Columbia University based upon its response to the violence and intimidation occurring to students based solely on the race and religious affiliation of the student.

[¶2]   It is axiomatic that a judge "of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "[D]isqualification is required if a reasonable person who knew the circumstances would question the judge's

impartiality, even though no actual bias or prejudice has been shown." United States v. Martin, 757 F.3d 776, 778 (8th Cir. 2014).

[¶3]    This Court takes its obligations to avoid both actual bias and an appearance of bias with the utmost seriousness. Challenges based on the appearance of impropriety are significant and should not be levied lightly. The undersigned has reviewed the letter, his intentions, and the record in this matter and concludes a reasonable person who knew the circumstances at issue could not conclude an appearance of bias exists under the circumstances.

[¶4]    The letter was directed to the administration of Columbia University because of the violence and harassment of Jewish students and not to the protests occurring on Columbia's campus. The letter itself was addressed to Columbia's President, Minouche Shafik. While students have a right to protest peacefully, they do not have a right to direct violence and intimidation at other students, particularly because of a student's race or religion. Prior to the undersigned's judicial service, he was a member of the North Dakota State Board of Higher Education. The formation of young adults in an academic setting is significantly important. The response of Columbia's administration caused an unsafe environment for a specific class of students based on their race and religion. This is unacceptable in an academic institution. The undersigned does not hold any bias towards either specific students[1] or any of Columbia's faculty or the initiatives at its Law School. Hence, a reasonable person who knew the circumstances of the letter and why it came into existence would not question the impartiality of the undersigned.

---

[1] In the original letter, the undersigned joined twelve other colleagues in stating a refusal to hire students from Columbia University Law School as law clerks. This refusal is solely to encourage Columbia's administration to provide a safe environment for students. The boycott is not meant to question the quality of any Columbia student or graduate.

- 3 -

[¶5]    Accordingly, the Plaintiffs' Motion for Recusal is **DENIED**.

[¶6]    **IT IS SO ORDERED.**

DATED September 13, 2024.

Daniel M. Traynor, District Judge
United States District Court