IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Cissy Thunderhawk et al.<br><br>Plaintiffs,<br><br>vs.<br><br>County of Morton et al.<br><br>Defendants. | Civil No.: 1:18-cv-00212 |

### ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS AND DENYING MOTION TO RECONSIDER AND AMEND COMPLAINT

[¶1]   THIS MATTER comes before the Court upon two motions. Defendant County of Morton, North Dakota ("Morton County") filed a Motion for Judgment on the Pleadings on March 26, 2024. Doc. No. 169. Plaintiffs filed a Response that included a Cross-Motion to Reconsider and Motion for Leave to Amend on April 16, 2024. Doc. No. 171. Morton County filed a consolidated Reply supporting their Motion and Response to Plaintiffs' Motions on April 30, 2024. Doc. No. 173. The State Defendants filed a Response to Plaintiffs' Motions on April 30, 2024. Doc. No. 175. Plaintiffs filed a Reply in support of their Motions on May 7, 2024. Doc. No. 178. For the reasons set forth below, Morton County's Motion for Judgment on the Pleadings is **GRANTED** and Plaintiffs' Motions for Reconsideration and Leave to Amend are **DENIED**.

### BACKGROUND

[¶2]   On September 1, 2020, the Court entered an order granting, in part, Defendants' Motion to Dismiss ("2020 Order"). Doc. No. 88. As a result, Counts II through VII of the Amended Complaint were dismissed. Id. at 101. The Court kept Count I—Violation of Right to Speak and Assemble—alive. Id. In doing so, the Court refrained from deciding the state and county

defendants' qualified immunity defense. Id. The Defendants filed an interlocutory appeal, challenging the Court's decision not to consider qualified immunity on Count I. The Eighth Circuit Court of Appeals reversed and remanded for the Court to consider qualified immunity as to Count I. Doc. Nos. 155, 155-1. On November 6, 2023, this Court dismissed Count I of the Amended Complaint, concluding the law at the time of the DAPL protests was not clearly established such that the officers were put on notice their conduct violated the Plaintiffs' constitutional rights ("2023 Order"). Doc. No. 168.

## DISCUSSION

[¶3]    The Court noted in the 2023 Order, "[t]his motion does not affect the remaining claims by Plaintiffs against Defendants TigerSwan and Morton County." Id. at 1 n.1. Morton County now asks the Court to grant judgment on the pleadings to dismiss all claims against Morton County. Plaintiffs respond by asking the Court to reconsider its prior order or to allow them to file a second amended complaint to cure the defects in the first Amended Complaint.

[¶4]    The only claim potentially left against Morton County is under Count I—Violation of Right to Speak and Assemble. But Morton County can only be held liable under Monell for potential constitutional violations. Insofar as Count I against Morton County has not been dismissed, the Eighth Circuit "has consistently recognized a general rule that, in order for municipal liability to attach, individual liability must be found on an underlying substantive claim." Bulfin v. Rainwater, 104 F.4th 1032, 1042 (8th Cir. 2024) (quoting Moore v. City of Desloge, 647 F.3d 841, 849 (8th Cir. 2011)). The Court has already concluded there is no liability for Sheriff Kirchmeier individually. Accordingly, there can be no liability for Morton County for Count I. Counts VI and VII—the Monel claims—were dismissed with prejudice in the 2020 Order.

[¶5]     In asking for leave to file a second amended complaint, Plaintiffs argue Rule 15's liberal standard should be applied here to essentially resurrect Counts VI and VII, which were initially dismissed on a lack of a factual basis. Doc. No. 171, p. 6. Rule 15 of the Federal Rules of Civil Procedure encourage courts to freely permit parties to amend pleadings "when justice so requires." Fed. R. Civ. P. 15(a)(2).  The Defendants contend the request to amend is too late and Plaintiffs failed to cure deficiencies in prior amended pleadings. Defendants also argue amendment would be futile because the ultimate problem is a legal one, not one of pleading.

[¶6]     Even assuming the Court would amend its prior Orders to dismiss without prejudice and assuming timeliness, the Court agrees the requested amendment would be futile. The claims asserted in the proposed second amended complaint seek to show Sheriff Kirchmeier was the final policymaking authority for the County regarding the road closure and subsequent enforcement. But these Monel claims are contingent upon the survival of Plaintiffs underlying constitutional claims, which they do not seek to amend. See Russell v. Hennepin Cty., 420 F.3d 841, 846 (8th Cir. 2006) ("Before a municipality can be held liable, however, there must be an unconstitutional act by a municipal employee.").

[¶7]     Nothing in the Court's analysis in the 2020 Order or 2024 Order changes as to the individual constitutional claims. Claims I through V still fail because they either do not state a constitutional violation or the law was not clearly established at the time. Even if Plaintiff was allowed to show the Sheriff was the final policymaking authority, Counts VI and VII will necessarily fail because "in order for municipal liability to attach, individual liability must be found on an underlying substantive claim," Bulfin, 104 F.4th at 1042 (quoting Moore, 647 F.3d at 849), and "a municipal policymaker cannot exhibit fault rising to the level of *deliberate* indifference to a constitutional right when that right has not yet been clearly established," Szabla v. City of

Brooklyn Park, Minn., 486 F.3d 385, 393 (8th Cir. 2007) (emphasis in original). Accordingly, the requested amendments would be futile.

## CONCLUSION

[¶8]	For the reasons set forth above, Morton County's Motion for Judgment on the Pleadings is **GRANTED** and Plaintiffs Motions for Reconsideration and Leave to File a Second Amended Complaint are **DENIED**. Count I against Morton County is **DISMISSED with prejudice**. There are no further claims against Morton County. The only remaining claims are Plaintiffs' claims against TigerSwan.

[¶9]	**IT IS SO ORDERED.**

DATED September 18, 2024.

_____
Daniel M. Traynor, District Judge
United States District Court